IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Melissa Addison, | ) | C/A No. 3:17-cv-00540-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Sumter County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's motion to reconsider the Court's Order, ECF No. 55, adopting in part and declining to adopt in part the Report and Recommendation of the United States Magistrate Judge, ECF No. 48. ECF No. 59. Plaintiff filed a response in opposition and Defendant filed a reply. ECF Nos. 62, 63. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court that Defendant's motion is denied.

## **BACKGROUND**

United States Magistrate Judge Paige J. Gossett issued a Report recommending Defendant's motion for summary judgment be granted. ECF No. 48. Plaintiff filed objections and a hearing was held on July 13, 2018. ECF No. 54. On August 9, 2018, this Court entered an Order adopting in part and declining to adopt in part the recommendation of the Report; the Court granted summary judgment in favor of Defendant with respect to all claims except for Plaintiff's retaliation claim. ECF No. 55.

**APPLICABLE LAW**

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *see* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). While the precise standard governing motions to reconsider an interlocutory order is unclear, the Fourth Circuit has stated that Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted).

However, "the discretion Rule 54(b) provides is not limitless." *Id*. "For instance, courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id*. "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Id*. (quoting *Am. Canoe Ass'n*, 326 F.3d at 515). Motions to reconsider are not "opportunities to rehash issues already ruled upon because a litigant is displeased with the result." *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*,

2

No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (citing *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

## **DISCUSSION**

*Retaliation*

Defendant argues that this Court erred in finding Plaintiff's allegations raised a genuine issue of material fact sufficient to survive a motion for summary judgment with respect to her retaliation claim. ECF No. 59 at 4–13. Regarding Plaintiff's three-day suspension, Defendant asserts that the lapse in time of two months and 29 days between the protected activity and adverse action is too long to establish a causal connection by temporal proximity alone in light of the fact that Plaintiff provided no other evidence that her suspension was motivated by her charge of discrimination. The Court has ruled on this argument and again finds that the time between Plaintiff's protected activity and her suspension is not too long to foreclose a finding that Plaintiff has established a causal connection.[1] *See Pascual v. Lowe's Hone Centers, Inc.*, 193 F. App'x 229 (4th Cir. 2006) (holding that the plaintiff had failed to establish a causal connection by temporal proximity alone when "at least three or four months" separated the claims protected activities and the termination of the plaintiff's employment).

The Court takes this opportunity to clarify the portion of its Order upon which Defendant seems to most heavily rely. The Court stated that "Plaintiff has provided no rebuttal for her suspension"; accordingly, Defendant contends that the suspension cannot

---

[1] The Court notes that Plaintiff also provided the affidavit of Latasha Reed in support of causation.

3

be used to establish temporal proximity and, therefore, Plaintiff fails to establish a causal connection by way of temporal proximity between her protected activity and her termination, which occurred seven months and 19 days apart. Upon review, the Court clarifies that while Plaintiff did not offer a direct rebuttal to Defendant's proffered legitimate non-retaliatory reason for the suspension—that Plaintiff was insubordinate to the Sheriff— it is clear from her arguments and the evidence in the record that Plaintiff alleges she and the Sheriff had a history of communications wherein Plaintiff complained about other employees' behavior and questioned reprimands that she had received. For example, she argued that she should not have been given a written reprimand by her superior in 2015 by submitting a 67-page rebuttal letter that included details of her co-workers' private lives and accusations of dishonesty. The Sheriff responded by declining to adopt her superior's recommendation that she be demoted and issued identical written warnings to Plaintiff, Captain Robert B. Burnish, and Sergeant Wayne Dubose. However, once Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and then engaged in similar behavior, she received a suspension. The Court finds that these facts are sufficient to create a genuine issue of material fact as to retaliation.

Defendant argues that two intervening events break any potential causal connection between Plaintiff's protected activity and her termination. It contends that her conversation with the Sheriff about missing the Sumter Fair and complaints from other employees about her demeanor occurred after she filed her Charge and had a direct bearing on the adverse employment action. As explained above, Plaintiff's conversation

4

with the Sheriff does not serve to break the causal connection. The Court further finds that the complaints from her co-workers fail to break the causal connection between Plaintiff's protected activity and the adverse employment action. To the contrary, this evidence juxtaposed against Plaintiff's testimony and the Reed affidavit create an issue of fact and a credibility determination for the jury.

Defendant further contends that Plaintiff failed to rebut the proffered reasons for her non-renewal. The Court has ruled on this argument and again finds that Plaintiff offered lengthy explanations for each of the proffered reasons given by the Sheriff for her non-renewal; considering the totality of the record, including Plaintiff's intervening suspension and the standard of review for a motion for summary judgment, Plaintiff has created a genuine issue of material as to whether Defendant's proffered reasons for her non-renewal are mere pretext. Accordingly, Defendant's Motion to Reconsider is denied with respect to this argument.

### *After-Acquired Evidence*

Turning to Defendant's argument regarding after-discovered evidence, the Court agrees that its prior Order failed to specifically address this argument. Defendant contends that any potential damages Plaintiff might recover should be limited by the after-acquired evidence doctrine. Defendant states that its policies prohibit employees from surreptitiously recording one another. Defendant argues it provided discovery responses that the Sheriff would have terminated Plaintiff is he had known that she was making recordings of him and other employees, both because of the act of recording them and for lying to him when he asked her if she were making recordings. Defendant contends

5

that, because it would have unquestionably terminated Plaintiff's employment if it had known she was making recordings, Plaintiff's potential damages should be limited to those incurred from the date of her termination, January 3, 2017, until the date Defendant learned that she had been making recordings while employed, June 8, 2017. The Court disagrees.

The after-acquired evidence doctrine "concerns the effect of evidence of employee misconduct acquired by the employer after the employee has been terminated for a discriminatory reason." *Miller v. AT & T Corp.*, 250 F.3d 820, 837 (4th Cir. 2001). The doctrine "does not provide a complete bar to recover"; rather, "[t]he rule merely limits the 'calculation of backpay from the date of the unlawful discharge to the date the new information was discovered.'" *Francisco v. Verizon South, Inc.*, 756 F.Supp.2d 705, 729 (E.D. Va. 2010) (quoting *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995)). Further, the doctrine "requires the defendant to establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone." *Id.* (internal quotations omitted).

While Defendant asserts that the Sheriff would have fired Plaintiff had he known that she was making recordings, upon review, a material question of fact arises with respect to whether the Sheriff gave Plaintiff permission to record unspecified events after he spoke to an attorney. *See* ECF No. 62-1 at 7 (wherein Plaintiff described a meeting with the Sheriff during which they discussed tape-recording and Plaintiff stated that the Sheriff told her it was "okay to record"); ECF No. 20-9 at 5, 7; *see also Richards v. Healthcare Resources Group, Inc.*, No. 2:15-cv-134-RMP, 2016 WL 5109520, at *14

6

(E.D. Wash. Sept. 20, 2016) (holding that, at the summary judgment stage, the defendant must provide sufficient evidence to demonstrate a genuine issue of material fact as to whether it would have terminated the plaintiff for failing to reveal his prior criminal conviction on his employment application); *McLaughlin v. Innovative Logistics Grp., Inc.*, No. 05-72305, 2007 WL 313531, at *12 (E.D. Mich. Jan. 30, 2007) ("When an employer has reason to know of the wrongful conduct prior to the date of termination, the alleged conduct cannot be utilized as 'after-acquired' evidence."). As Plaintiff has submitted sufficient evidence to raise a genuine issue of material fact regarding whether the plaintiff would have been terminated for recording conversations, Defendant's motion for summary judgment as to its after-acquired evidence defense is denied.

## **CONCLUSION**

Accordingly, based on the foregoing, Defendant's [59] motion to reconsider is **DENIED**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

November 20, 2018
Spartanburg, South Carolina